**FILED**
**Nov 06, 2024**
**09:44 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| DWAINE COLEMAN,<br>Employee, | ) <br> ) <br> ) | Docket No.: 2024-80-0970 |
| v. | ) <br> ) | State File No.: 3739-2024 |
| W.K. KELLOGG,<br>Employer, | ) <br> ) <br> ) | |
| And<br>SAFETY NAT'L CAS. CORP.,<br>Carrier. | ) <br> ) <br> ) <br> ) | Judge Shaterra R. Marion |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on October 28, 2024, on Mr. Coleman's request for benefits. The issue is whether Mr. Coleman is likely to prevail at a hearing on the merits that his mental injury arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds that he is not likely to prevail at a hearing on the merits and denies his claim at this time.

### History of Claim

Mr. Coleman suffered work-related shoulder injuries in 2022 and 2023 that required rotator cuff surgery. He returned to work in late December of 2023 or early January of 2024.

Mr. Coleman worked on machines that often broke down. He sometimes resorted to hitting the machines with a hammer to fix them.

On January 6, 2024, Mr. Coleman repaired a broken machine by hitting it with a hammer. He testified that when he hit the machine, he suffered a panic attack, anxiety, and

high blood pressure. He had suffered anxiety and panic attacks before this alleged event, for which he sought care from a psychologist.

Mr. Coleman argued this event was a work-related anxiety attack and requested benefits. W.K. Kellogg argued that ordinary stress of his job caused Mr. Coleman's anxiety attack, making it not work-related.

**Findings of Fact and Conclusions of Law**

Mr. Coleman has the burden of proving he is likely to prevail at a hearing on the merits on his claim for benefits for his alleged mental injury. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

A mental injury with no physical component "means a loss of mental faculties or a mental or behavioral disorder, arising primarily out of . . . an identifiable work-related event resulting in a sudden or unusual stimulus." Tenn. Code Ann. § 50-6-102(15). However, the workers' compensation system "does not embrace every stress or strain of daily living or every undesirable experience encountered in the duties of a contract of employment." *Guess v. Sharp Mfg. Co. of Am.*, 114 S.W.3d 480, 485 (Tenn. 2003).

Tennessee courts apply a two-part test to determine if an injury caused by mental or emotional stimulus is compensable. First, the injury must stem from "an identifiable stressful, work-related event producing a sudden mental stimulus such as fright, shock, or excessive unexpected anxiety." Second, "the event must be extraordinary in comparison to the stress ordinarily experienced by an employee in the same type of duty." *Edwards v. Fred's Pharmacy*, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *7 (Feb. 14, 2018).

Mr. Coleman argued that hitting the machine with a hammer resulted in a sudden stimulus *for him*. His analysis uses a subjective standard that incorporates his preexisting mental or psychological condition to explain how the stressful work event produced a sudden and unusual stimulus for him, when it may not have for someone else. He argued that the work incident was subjectively sudden for him and should thus meet the definition of a mental injury under the law.

That subjective standard "is not the law in Tennessee." *Ireton v. Horizon Mental Health Mgmt., LLC*, No. E2015-00296-SC-R3-WC, 2016 Tenn. LEXIS 3, at *28 (Tenn. Workers' Comp. Panel Jan. 19, 2016). Rather, "our Supreme Court has mandated the application of an objective test for this determination." *Id.* at *29. An "objective standard is required . . . even [when] medical experts have opined that the Employee suffered PTSD stemming out of the particular event or stress." *Id.* at *28-29.

In considering the evidence objectively, W.K. Kellogg's machines broke down regularly, and if a machine broke down in a certain way, Mr. Coleman attempted to fix it by hitting it with a hammer. Stress related to regular machine maintenance is not extraordinary compared to the stress ordinarily experienced by an employee in the same type of duty. So Mr. Coleman failed to sufficiently demonstrate that "the event [was] extraordinary in comparison to the stress ordinarily experienced by an employee in the same type of duty."

Therefore, the Court holds that Mr. Coleman is not likely to prevail at a hearing on the merits for his claim at this time.

**IT IS THEREFORE ORDERED** as follows:

1.  Mr. Coleman's request for medical and temporary benefits is denied at this time.

2.  The Court sets a status conference for **December 9, 2024, at 9:30 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED November 6, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1.  Wage Statement
2.  [For identification only] – Psychologist Notes
3.  Mr. Coleman's Affidavit
4.  Excerpts from Mr. Coleman's Deposition taken July 30, 2024 – pp. 32-33
5.  Excerpt from Mr. Coleman's Deposition taken July 30, 2024 – pg. 47
6.  Note from Psychologist Christopher Ferrand Visit on April 25, 2023

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent as indicated on November 6, 2024.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Dwaine Coleman, Injured Worker | X | X | 1767 Osborn Drive<br>Memphis, TN 38127<br>dwainecoleman75@gmail.com |
| Jared Renfroe, Employer's Attorney | | X | jrenfroe@spicerfirm.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*